Dr. C. D. HAMILTON, Appellant,

v.

Charles SOWERS, Appellee.

No. 17886.

Court of Civil Appeals of Texas, Fort Worth.

June 16, 1977.

Rehearing Denied July 21, 1977.

Cantey, Hanger, Gooch, Munn & Collins, and Richard L. Griffith, Fort Worth, for appellant.

John H. Holloway, Houston, for appellee.

OPINION

HUGHES, Justice.

This appeal from an interlocutory order denying his plea of privilege is brought by C. D. Hamilton, M.D., a co-defendant in a

medical malpractice suit. Hamilton was sued in Tarrant County as a co-defendant with Robert Capper, M.D., a resident of Tarrant County. Hamilton is a resident of Johnson County. Sowers controverted Hamilton's plea of privilege by urging exceptions under Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 4 and 29a (1964).

We reverse. The case against Hamilton is ordered transferred.

It is undisputed that Sowers, a man with a history of heart disease, went to Hamilton in Cleburne, Johnson County, Texas, for treatment of what Hamilton "thought was severe coronary artery disease." After five days in the Johnson County hospital, at Hamilton's suggestion, Sowers transferred to Harris Hospital in Fort Worth, Tarrant County, Texas, for tests by Capper to determine if an operation would help him. Specifically, the test was a selective coronary arteriogram and aortogram, which involved injecting dye into Sowers' bloodstream. After such injection, Sowers had blood clots form in his feet, both of which had to be partially amputated.

Sowers claimed Capper was negligent in administering the dye; in failing to furnish adequate and proper medications or surgical treatment; and in not obtaining his, Sowers', "informed consent" to the test performed and the medical treatment rendered for the complications resulting from such test.

Hamilton's points of error nos. 1 and 2 deal with Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 29 (1964). Sowers concedes in his brief that subd. 29 is not applicable to this case. Points of error nos. 1 and 2 are sustained.

■ Is Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 4 (1964) applicable? No findings of fact or conclusions of law were requested or filed. Accordingly, we must construe all of the evidence favorable to the trial court's fact finding in its denying a change of venue. It is apparent that the answer to the question is whether or not Sowers pleaded and proved a cause of action against the resident defendant, Capper.

*Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Com.App.1936, opinion adopted); *Houseman v. Mahin*, 390 S.W.2d 732 (Tex.1965).

■ The main complaint of Sowers is that Capper failed to obtain his "informed consent" to the dye injection. Capper testified to telling Sowers before the injection: The fact of what he was going to do; there was a risk involved in any invasive diagnostic procedure; he was cognizant of the risk; he did everything medically feasible to prevent complications. Sowers denied being told anything by Capper or anyone else about any risk in the diagnostic procedure, and stated that he did not know anything about what was to be done to him until the needle was put into his leg. We must conclude, therefore, that the trial court believed Sowers and decided that Capper made *no* disclosure. (Viewing the evidence in the light most favorable to the decision of the trial court.)

It has been held that "Physicians and surgeons have a duty to make a reasonable disclosure to a patient of risks that are incident to medical diagnosis and treatment. This duty is based upon the patient's right to information adequate for him to exercise an informed consent to or refusal of the procedure." *Wilson v. Scott*, 412 S.W.2d 299, 302 (Tex.1967). The same case holds that the plaintiff in a malpractice suit has " . . . the burden to prove by expert medical evidence what a reasonable medical practitioner of the same school and same or similar community under the same or similar circumstances would have disclosed to his patient about the risks incident to a proposed diagnosis or treatment, that the physician departed from that standard, *causation* and damages." (Emphasis ours.)

■ Capper, in answer to a question as to whether it was customary for doctors in his community to advise a patient of the risk of injury in a surgical procedure of this nature, said: "The patients are advised. I advise my patients that a risk of injury exists."

According to *Wilson v. Scott,* supra, Capper established a medical standard by his own testimony, above quoted. According to testimony before the trial court by Sowers, the standard was not followed by Capper because he gave Sowers *no* warning of risk.

■ However, though treating negligence as established, we must hold that plaintiff's evidence failed to establish that such was causally connected of his injury. Furthermore, we hold that evidence to the contrary having been produced on trial without a rebuttal by plaintiff, though he should have been enabled if he could, the case is controlled thereby.

According to *Conrey v. McGehee,* 473 S.W.2d 617, 621 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref., n. r. e.): "Where the only expert medical testimony in a malpractice action expresses the opinion that defendant's treatment was not the proximate cause of the injury complained of, and there is no expert opinion to the contrary, a directed verdict for the defendant is proper." Also *Henderson v. Mason,* 386 S.W.2d 879 (Tex.Civ.App.—El Paso 1964, no writ). The testimony of Hamilton was that he did not think the procedure probably caused the dislodgement of the plaque. The circumstances of an early onset of symptoms of arterial blockage are strongly indicative of a causal connection to a layman, but there is no expert opinion to connect the injection to the injury.

■ There is insufficient evidence to prove Capper was negligent in the diagnostic treatment, and the doctrine of *res ipsa loquitur* cannot be applied in a case such as this. *Southwest Texas Methodist Hospital v. Mills,* 535 S.W.2d 27 (Tex.Civ.App.—Tyler 1976, writ ref., n. r. e); *Louis v. Parchman,* 493 S.W.2d 310 (Tex.Civ.App.—Fort Worth 1973, writ ref., n. r. e.). " . . . the doctrine is applicable only where it is a matter of common knowledge among laymen or medical men, or both that the injury would not have occurred without negligence. (Cases cited.) Very few laymen have had experience in administering anesthetics by use of a hypodermic needle. Consequently, insofar as laymen are concerned, it cannot be said in this instance that it is a matter of common knowledge that the injury would not have occurred without negligence. Such conclusion can rest only upon expert testimony." *Southwest Texas Methodist Hospital v. Mills,* supra, at page 30. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (1949); *Brown v. Shannon West Texas Memorial Hospital,* 222 S.W.2d 248 (Tex.Civ.App.—Austin 1949, writ ref., n. r. e.).

■ We sustain appellant's points of error nos. 3, 4 and 5 for the reasons stated. We reverse the order of the trial court denying appellant's plea of privilege and order the cause, as against Dr. C. D. Hamilton, transferred to the District Court of Johnson County, Texas.