Orville E. HADDOCK, Jr., Petitioner,

v.

Larry A. ARNSPIGER et al.,
Respondent.

No. C–8400.

Supreme Court of Texas.

June 20, 1990.

Rehearing Overruled Sept. 6, 1990.

G. H. Kelsoe, Jr., Jeffrey L. Clark, Dallas, for petitioner.

Gerald D. Grissom, Michael R. Berry, Dallas, for respondent.

OPINION

HIGHTOWER, Justice.

This is a medical malpractice case. The issue is whether *res ipsa loquitur* may be used to establish the liability of health care providers or physicians in medical malpractice cases involving the use of mechanical instruments. Orville E. Haddock (Haddock) initiated this action against Larry A. Arnspiger, M.D. (Arnspiger) alleging that his colon was perforated during a routine proctological examination. Haddock's suit was based on negligence and *res ipsa loquitur*. The trial court determined that *res ipsa loquitur* did not apply, sustained Arnspiger's special exceptions and struck Haddock's *res ipsa loquitur* pleadings. The jury's verdict favored Arnspiger and a take nothing judgment was rendered on the jury's verdict. The court of appeals affirmed. 763 S.W.2d 13. We affirm the judgment of the court of appeals.

On November 9, 1982, Haddock underwent a colonoscopic examination as part of his annual physical examination. The examination was performed by Dr. Arnspiger in the presence of a nurse. This procedure involved the use of a flexible colonoscope. Haddock was sedated throughout the duration of the colonoscopic examination. Arnspiger concluded his examination finding no abnormalities. Several hours later, however, Haddock began experiencing stomach cramps. It was later determined that Haddock's colon had been perforated. Haddock brought this action against Arnspiger under alternative theories of negligence and *res ipsa loquitur*. Arnspiger did not deny the colonoscopic examination perforated Haddock's colon, but asserted that the perforation was not the result of negligence.

Prior to trial, the court sustained one of Arnspiger's special exceptions which provided in pertinent part:

Defendants specially except and object to paragraph V of Plaintiff's Fourth Amended Petition wherein Plaintiff attempts to invoke the doctrine of *res ipsa*

*loquitur* (a) because there has been no dangerous instrumentality alleged, (b) because this is not the type of procedure to which the doctrine of *res ipsa loquitur* should apply according to the limitation set out in Tex.Rev.Civ.Stat.Ann. art. 4590i § 7.01, and (c) because Plaintiff's own expert has testified that a perforation can occur without any negligence on the part of the doctor who is doing the limited colonoscopy ... thus demonstrating that the injury complained of is not of the sort that only occurs as a result of negligence.

As a result, Haddock's *res ipsa loquitur* pleadings were struck.

The case proceeded to trial on Haddock's negligence pleadings wherein numerous acts or omissions were alleged against Arnspiger. Special questions were submitted to the jury concerning the alleged acts or omissions. The jury found that two of the acts or omissions occurred; however, the jury found that neither of the acts or omissions constituted negligence. Judgment was rendered on the jury's verdict in favor of Arnspiger. On appeal, Haddock argued, among other things, that the trial court erred in striking his *res ipsa loquitur* pleadings. The court of appeals held that *res ipsa loquitur* did not apply in this case. 763 S.W.2d 13.

 *Res ipsa loquitur*, meaning "the thing speaks for itself," is used in certain limited types of cases when the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding. *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 250 (Tex.1974); *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex.1982). *Res ipsa loquitur* is applicable only when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Mobil Chem. Co. v. Bell*, 517 S.W.2d at 251; *Marathon Oil Co. v. Sterner*, 632 S.W.2d at 573. *Res ipsa loquitur* is simply a rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence. *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex.1982). However, *res ipsa loquitur* has been applied differently in medical malpractice cases.

Effective August 29, 1977, the Texas Legislature enacted the Medical Liability and Insurance Improvement Act of Texas. TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1990). Section 7.01 of the Act[1] restricts the application of *res ipsa loquitur* in medical malpractice cases as follows:

> The common-law doctrine of res ipsa loquitur *shall only apply* to health care liability claims against health care providers or physicians *in those cases to which it has been applied* by the appellate courts of this state as of the effective date of this subchapter.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 7.01 (Vernon Supp.1990) (emphasis added).

The threshold question is under what circumstances, if any, was *res ipsa loquitur applied* in medical malpractice cases before August 29, 1977. Although the appellate cases are not models of clarity, the

---

**1.** The intent and effect of section 7.01 is not particularly clear from the wording of the statute. Obviously, if the legislature had intended to abolish *res ipsa loquitur* in medical malpractice cases, it would have simply done so in the statute. However, since the legislature did not abolish *res ipsa loquitur*, it is implicit that it should be permitted in certain circumstances. *See Sullivan v. Methodist Hosp.*, 699 S.W.2d 265 (Tex.App.—Corpus Christi 1985, no writ).

The dissent states that if the legislature had desired to narrow the application of *res ipsa loquitur*, precise language could have been adopted precluding the use of expert testimony to invoke *res ipsa loquitur*. At 955 (Doggett, J., dissenting). However, if the legislature had intended to broaden the application of *res ipsa loquitur* in medical malpractice cases, it could have just as easily adopted specific language permitting the use of expert testimony to invoke *res ipsa loquitur*.

appellate courts before August 29, 1977 overwhelmingly recognized that *res ipsa loquitur* was inapplicable in medical malpractice cases subject to certain exceptions.[2]

■ Historically, *res ipsa loquitur* has been restrictively applied in medical malpractice cases: "There are only very, very few instances where a pleading of res ipsa loquitur is applicable in medical malpractice cases." *Goodnight v. Phillips*, 418 S.W.2d 862, 868 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.); *Stinnett v. Price*, 446 S.W.2d 893, 895 (Tex.Civ.App—Amarillo 1969, writ ref'd n.r.e.). In fact, Texas courts have generally recognized that *res ipsa loquitur* is inapplicable in medical malpractice cases. *See Barker v. Heaney*, 82 S.W.2d 417 (Tex.Civ.App.—San Antonio 1935, writ dism'd); *Shockley v. Payne*, 348 S.W.2d 775 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.); *Bell v. Umstattd*, 401 S.W.2d 306 (Tex.Civ.App.—Austin 1966, writ dism'd); *Harle v. Krchnak*, 422 S.W.2d 810 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.); *Louis v. Parchman*, 493 S.W.2d 310 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); *Rayner v. John Buist Chester Hosp.*, 526 S.W.2d 637 (Tex.Civ.App.—Waco 1975 writ ref'd n.r.e.); *Forney v. Memorial Hosp*, 543 S.W.2d 705 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). However, an exception is recognized when the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, requiring no expert testimony. Examples of this exception include negligence in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body. *See Harle v. Krchnak*, 422 S.W.2d at 815; *Rayner v. John Buist Chester Hosp.*, 526 S.W.2d at 639; *Forney v. Me-*

*morial Hosp.*, 543 S.W.2d at 709; *Irick v. Andrew*, 545 S.W.2d 557, 559 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

■ However, one may not automatically rely upon *res ipsa loquitur* in every medical malpractice case which involved the use of a mechanical instrument. *Res ipsa loquitur* may not be applied in those circumstances when the use of the mechanical instrument is not a matter within the common knowledge of laymen. *See, e.g., Southwest Texas Methodist Hosp. v. Mills*, 535 S.W.2d 27, 30 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.) (administering anesthetics by use of hypodermic needle not within common knowledge of laymen); *Irick v. Andrew*, 545 S.W.2d at 559 (use of x-ray apparatus not within common knowledge of laymen); *Hamilton v. Sowers*, 554 S.W.2d 225, 228 (Tex.Civ.App.—Fort Worth 1977, writ dism'd) (administering dye for a coronary arteriogram and aortogram by use of hypodermic needle not within common knowledge of laymen); *Williford v. Banowsky*, 563 S.W.2d at 706 (proper use of high-speed rotary instrument in dental treatment not within the common knowledge of laymen).

The dissent states that before August 29, 1977, Texas appellate courts had "addressed" the issue of whether the predicates of *res ipsa loquitur* could have been established by proper expert medical testimony that the injury would not have occurred without negligence. At 955 (Doggett, J., dissenting). *See Martin v. Eschelman*, 33 S.W.2d 827 (Tex.Civ.App.—Texarkana 1930, writ ref'd); *Irick v. Andrew*, 545 S.W.2d 557, 559 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Hamilton v. Sowers*, 554 S.W.2d 225, 228 (Tex.Civ.App.—Fort Worth 1977, writ dism'd); *Southwest Texas Methodist Hosp.*

---

**2.** Since August 29, 1977, Texas courts have continued to recognize that *res ipsa loquitur* is inapplicable in medical malpractice cases subject to the exceptions discussed herein. *See Williford v. Banowsky*, 563 S.W.2d 702, 706 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *Pekar v. St. Luke's Episcopal Hosp.*, 570 S.W.2d 147, 150

(Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *Roberson v. Factor*, 583 S.W.2d 818, 820 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Nevauex v. Park Place Hosp., Inc.*, 656 S.W.2d 923, 925 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Martin v. Petta*, 694 S.W.2d 233, 240 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.).

*v. Mills,* 535 S.W.2d 27, 30 (Tex.Civ.App.— Tyler 1976, writ ref'd n.r.e.); *Louis v. Parchman,* 493 S.W.2d 310 (Tex.Civ.App.— Fort Worth 1973, writ ref'd n.r.e.); *Shockley v. Payne,* 348 S.W.2d 775 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.). We disagree. Only *Martin v. Eschelman* has arguably applied *res ipsa loquitur,* predicated upon expert medical testimony, in a medical malpractice case. The statements in the other opinions are actually dicta or otherwise inapplicable. It is undisputed that none of these other opinions applied *res ipsa loquitur* to the facts of their case. So the dissent's compelling authorities are a 1930 opinion which *arguably* applied *res ipsa loquitur* and several other opinions which did not apply *res ipsa loquitur* but which contain statements that *res ipsa loquitur* might be applicable with proper expert medical testimony. *See, e.g., Southwest Texas Methodist Hosp. v. Mills,* 535 S.W.2d at 30 (*res ipsa loquitur* "is applicable only where it is a matter of common knowledge among laymen or medical men, or both, that the injury would not have occurred without negligence.").

The dissent states that *res ipsa loquitur,* predicated upon expert testimony, was successfully employed in *Martin v. Eschelman,* 33 S.W.2d 827 (Tex.Civ.App.—Texarkana 1930, writ ref'd). At 955 (Doggett, J., dissenting). In *Martin v. Eschelman,* plaintiff suffered injuries from an x-ray burn. Plaintiff alleged general negligence and specific acts of negligence. Based upon a favorable jury verdict, the trial court rendered judgment for plaintiff. Upon appeal, the court of civil appeals stated that the principal complaint is that the evidence does not support the finding of the jury. *Id.* at 828. The court concluded that the evidence supported the findings of the jury. *Id.* at 829. On motion for rehearing, defendant complained that the evidence was wholly insufficient to support the jury findings and that a preemptory instruction should have been given in favor of defendant. However, it is impossible to tell if, how or why the issue of *res ipsa loquitur* was raised. The complete discussion which even arguably concerns *res ipsa loquitur* is as follows:

The third question is: Was the burn the result of negligence on the part of the appellant in giving those treatments? There is nothing in the testimony of the appellee tending to show negligence in the treatments unless it be in what he said about the character of his injuries, and the method adopted by the appellant to protect the untreated portions of his face and neck. The appellant, who was an expert in the use of x-ray machines, testified:

"I say I did not burn him. I don't know who else treated him at any time. During those six treatments in my office no one except myself operated that machine or did anything to him. It couldn't have happened. If it was done in my office certainly I did it. If I had done it, it would have been negligence and I would have known it. The time of its showing up after treatment varies from six to ten days. The only way I know he did not get burned in the office is because I know it was a physical impossibility, because of the manner in which the treatment was applied. We had a heavy brass cone under the tube, and there is a little hole through a place of the cone which came down on the tissue."

In addition to what the appellant here says, we have the fact of an injury—an x-ray burn over an area that was not under treatment and which the jury might have concluded should have been protected from exposure to the light in the x-ray tube.

But it is strenuously insisted that the doctrine *res ipsa loquitur* has no application to cases of this character. It may be that no inference of negligence can be drawn from the mere fact that the parts necessarily exposed for treatment are burned. But here we have a situation, according to the evidence, where a burn has appeared over a much larger area than that which was being treated. We

think that fact is a circumstance which the jury had a right to consider in connection with the other testimony in determining whether or not the appellant was negligent in not using the proper covering to prevent the exposure of the untreated portions of the appellee's neck. It is not contended that such protection was impossible or that the parts now showing evidences of the burn were necessarily exposed to the light of the machine. There is eminent authority to sustain that view of the case.

*Id.* at 829–830. *Res ipsa loquitur* was not referenced in the opinion other than the above-described paragraphs. There is no mention of pleading *res ipsa loquitur* or submission of a *res ipsa loquitur* instruction to the jury. The court discusses special issues submitted to the jury regarding general negligence and specific acts of negligence and never mentions *res ipsa loquitur* except in the above paragraphs. If anything, the alleged *res ipsa loquitur* is predicated upon the nonexpert "fact" that "a burn had appeared over a much larger area than that which was being treated." *Id.* at 830.

In *Southwest Texas Methodist Hosp. v. Mills*, plaintiff suffered an injury to her sciatic nerve allegedly caused by negligence in making a hypodermic injection. Based on the jury verdict, the trial court rendered judgment for plaintiff. On appeal, defendant asserted that plaintiff could not recover under *res ipsa loquitur* as a matter of law because it is not applicable to the facts. The court of civil appeals stated that *res ipsa loquitur* "is applicable only where it is a matter of common knowledge among laymen or medical men, or both, that the injury would not have occurred without negligence." 535 S.W.2d at 30. The court continued:

Very few laymen have had experience in administering anesthetics by use of a hypodermic needle. Consequently, insofar as laymen are concerned, it cannot be said in this instance that it is a matter of common knowledge that the injury would

not have occurred without negligence. Such conclusion can rest only upon expert testimony.

This brings us to the question of whether there was any expert testimony calling for the application of the doctrine of res ipsa loquitur. All of the witnesses seem to agree that an injury to the sciatic nerve, in an operation of this type, is rare and does not ordinarily occur. This fact, however, does not prove that the injury more likely occurred because of negligence. The mere fact that an unfavorable result is somewhat rare does not give rise to the inference of negligence. There is no testimony that the injury to the sciatic nerve would not have occurred without negligence on the part of the defendant's employees. Consequently, there is nothing in the expert testimony that would raise an inference of negligence giving rise to the application of the doctrine of res ipsa loquitur.

*Id.* at 30 (citations omitted). However, the court stated that "there appears to be no probative evidence establishing that such negligence [if any] was the proximate cause of the injury." *Id.* As a result, the court of civil appeals reversed the trial court's judgment and rendered judgment that plaintiff take nothing.

*Hamilton v. Sowers* was a plea of privilege case in which plaintiff suffered injuries after a coronary arteriogram and aortogram involving an injection of dye. The trial court denied Dr. Hamilton's plea of privilege. On appeal, the court of civil appeals stated that "[t]here is insufficient evidence to prove [Dr.] Capper was negligent in the diagnostic treatment, and the doctrine of res ipsa loquitur cannot be applied in a case such as this." 554 S.W.2d at 228. The court then quotes from *Southwest Texas Methodist Hosp. v. Mills* concerning application of *res ipsa loquitur* "where it is a matter of common knowledge among laymen or medical men, or both that the injury would not have occurred without negligence." *Id.* However, the court implicitly found that admin-

istering dye in a coronary arteriogram and aortogram by use of a hypodermic needle is not within the common knowledge of laymen and did not discuss the possible use of expert medical testimony to invoke *res ipsa loquitur. Id.* The court of civil appeals reversed the trial court's order denying Dr. Hamilton's plea of privilege.

In *Louis v. Parchman,* plaintiff suffered an injury to her right leg after an operation for hysterectomy. The trial court sustained defendant's special exceptions to plaintiff's plea of *res ipsa loquitur.* The court of civil appeals stated that "[u]nder Texas authorities, the doctrine of res ipsa loquitur is not applicable to medical malpractice suits ..." except when there are extraordinary factual circumstances "such as a failure to remove a sponge, an x-ray burn, or where the wrong part of the body was operated on." 493 S.W.2d at 319–320. The court held "that since no such extraordinary circumstances were herein pled, the [trial] court properly sustained defendant's exceptions and disallowed the pleadings...." *Id.* at 320. The court further stated that error, if any, in sustaining defendant's exceptions were harmless "because of the failure of the evidence to raise the issue." *Id.*

In *Irick v. Andrew,* plaintiff suffered injuries from x-ray radiation treatment for warts on one of her feet. The trial court refused to submit the plaintiff's instruction on *res ipsa loquitur* to the jury. Based upon the jury verdict that there was no negligence, the trial court rendered judgment in favor of defendant. The court of civil appeals recognized that the "[u]se of *res ipsa loquitur* in medical malpractice cases is limited in Texas to instances where the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, requiring no expert testimony." 545 S.W.2d at 559. The court concluded that *res ipsa loquitur* did not apply because the "use of x-ray apparatus is not a matter plainly within the common knowledge of laymen." *Id.* The court of appeals further stated that "[m]oreover,

although [plaintiff] has presented evidence that the treating physician was in control of the x-ray equipment, there is no expert testimony that the epidermal damage suffered does not ordinarily occur in the absence of negligence." *Id.*

In *Shockley v. Payne,* plaintiff suffered a punctured ureter during surgery to remove an ovary. The trial court sustained defendant's special exceptions to plaintiff's *res ipsa loquitur* allegations. On appeal, plaintiff argued that *res ipsa loquitur* was applicable because she was unconscious at the time the injury occurred and the injury was to a part of the body upon which no surgery was being performed. The court of civil appeals recognized that "[t]he ruling of res ipsa loquitur does not apply in a medical malpractice case." 348 S.W.2d at 778. The court further stated that plaintiff's argument fails from lack of testimony because there is no evidence that the hole in the ureter appeared at the time she was under anesthesia or that defendant cut it, nicked it, or caused it by the use of clamps or surgical tools. *Id.* at 780. The court held that the trial court did not err in sustaining defendant's special exceptions.

In this case, Haddock's proctological examination involved the use of a flexible colonoscope. Trial testimony established that the flexible colonoscope is a sophisticated medical instrument which requires extensive training and experience for proper use. Haddock's specialist in the use of the flexible colonoscope, Dr. Ira Klein, testified that extensive training is necessary for proper use of the flexible colonoscope. Dr. Klein further testified that Arnspiger's performance of 235 colonoscope examinations did not mean that he was qualified or properly trained. Obviously, the use of a flexible colonoscope for a proctological examination is not a matter plainly within the common knowledge of laymen. As a result, we hold that *res ipsa loquitur* is not applicable in this case. To the extent that they may conflict with this opinion, we disapprove *Martin v. Eschelman, Shockley v. Payne, Louis v. Parchman, South-*

*west Texas Methodist Hosp. v. Mills, Irick v. Andrew* and *Hamilton v. Sowers.*

For the reasons expressed herein, we affirm the judgment of the court of appeals.

Dissenting opinion by DOGGETT, J., joined by SPEARS, RAY and MAUZY, JJ.

DOGGETT, Justice, dissenting.

Prior to this cause, there had been no reported case in the history of Texas jurisprudence denying a victim of alleged medical malpractice the right to utilize expert testimony as a predicate for a claim based upon the doctrine of *res ipsa loquitur.* Because I disagree with the court's decision that section 7.01 of the Medical Liability and Insurance Improvement Act, Tex. Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp. 1990), can be read to create a bar to such testimony, I dissent.

I agree that it would certainly be unfair to hold a medical professional liable for misconduct based solely upon lay testimony and a bad physical result except in the narrowest of circumstances. When predicated upon lay testimony, the doctrine has been very appropriately limited to circumstances where the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen so that no expert testimony is required.[1] In the cases upon which the court relies to bar expert testimony, however, recovery was not predicated upon evidence from a medical professional.

The use of expert testimony to establish *res ipsa loquitur* is not a new concept in Texas. Almost a century ago this court concluded that a *res ipsa* issue could be submitted to a jury upon "opinions of persons better informed than they were upon such matters." *McCray v. Galveston, H. & S.A. Ry. Co.,* 89 Tex. 168, 173, 34 S.W. 95, 98 (1896). Once more in *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 252 (Tex. 1974), we declared that such expert testimony "is clearly admissible and may be necessary to the plaintiff's case."

The courts of appeals have recognized a similar rule in actions against health care providers. *Res ipsa loquitur,* based upon expert testimony, was successfully employed in a medical malpractice action in *Martin v. Eschelman,* 33 S.W.2d 827, 829–30 (Tex.Civ.App.—Texarkana 1930, writ ref'd), when the plaintiff suffered burn injuries from an X-ray machine on a portion of his body not scheduled for treatment. Conversely, the absence of any medical testimony to establish that injury would not normally occur without negligence was noted as a reason for rejecting *res ipsa* in *Irick v. Andrew,* 545 S.W.2d 557, 559 (Tex. Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The use of *res ipsa* has also been approved "where it is a matter of common knowledge among laymen or *medical men,* or both, that the injury would not have occurred without negligence." *Southwest Texas Methodist Hospital v. Mills,* 535 S.W.2d 27, 30 (Tex.Civ. App.—Tyler 1976, writ ref'd n.r.e.) (emphasis supplied); *accord Hamilton v. Sowers,* 554 S.W.2d 225, 228 (Tex.Civ.App.—Fort Worth 1977, writ dism'd). Similarly, *Louis v. Parchman,* 493 S.W.2d 310, 321 (Tex. Civ.App.—Fort Worth 1973, writ ref'd n.r. e.), and *Shockley v. Payne,* 348 S.W.2d 775, 780 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.), indicated that *res ipsa* would be applicable with proper expert testimony.[2]

---

1. *See, e.g., Roberson v. Factor,* 583 S.W.2d 818 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) (negligence in the use of mechanical instruments); *Williford v. Banowsky,* 563 S.W.2d 702 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.) (operating on the wrong portion of the body); and *Harle v. Krchnak,* 422 S.W.2d 810 (Tex.Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.)

(leaving surgical instruments or sponges within the body).

2. Commentators have uniformly recognized the applicability of *res ipsa loquitur* in two situations: (1) when the facts easily demonstrate negligence and the subject matter is within the common knowledge of laymen, and (2) when medically complex issues are presented and ex-

Texas appellate courts had thus addressed, on a number of occasions prior to the Act's effective date, the use of proper expert medical testimony as a basis for establishing *res ipsa loquitur*. The court examines these cases in detail in an attempt to distinguish them, yet nonetheless is compelled to disapprove them "[t]o the extent that they may conflict with this opinion." These cases were decided prior to the adoption of section 7.01, by which the legislature "froze" *res ipsa loquitur* in its then existing 1977 condition, and conflict with the court's opinion because they recognize the applicability of *res ipsa loquitur* in a medical malpractice action.

If it had desired to narrow application of this procedural device, the legislature could have adopted precise language precluding the use of expert testimony to invoke *res ipsa*. The court today refuses to be bound by this legislative choice. I dissent.

SPEARS, RAY and MAUZY, JJ., join in this dissent.

pert testimony could establish that the injury does not normally occur without negligence. Perdue, *The Law of Texas Medical Malpractice,* 22 Hous.L.Rev. 1, 214 (1985). J. Edgar, Jr. and J. Sales, *Torts and Remedies,* § 11.05[3][c] at 11–98 (1989) also notes that medical expert testimony may provide a foundation for the use of *res ipsa loquitur.* W. Keeton, *Prosser and Keeton on Torts,* § 39 at 257 (5th ed.1984), explains that "medical experts may provide a sufficient foundation for res ipsa on more complex matters, with testimony that the plaintiff's particular adverse result does not ordinarily occur when due care is used." *See also,* J. Lee and B. Lindahl, 2 *Modern Tort Law—Liability & Litigation* 346, 349–50 nn. 37–38 (rev. ed. 1989); F. Harper, F. James & O. Gray, 4 *The Law of Torts* § 19.6A at 40–41 (2d ed.1986).