IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 02-0552
════════════
 
Ford Motor 
Company, Petitioner,
 
v.
 
Jack 
Ridgway and Linda Ridgway, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Fourth District of Texas
════════════════════════════════════════════════════
 
 
Justice Hecht, joined by Justice Owen, concurring.
 
 
I 
join in the Court=s 
opinion and write only to explain that while Texas law would allow proof of 
products liability by circumstantial evidence in certain cases,[1] 
the black-letter rule of section 3 of the Restatement (Third) of Torts: 
Products Liability does not accurately restate Texas law.
Section 
3 states:
Circumstantial Evidence Supporting Inference of Product 
Defect
 
It may be inferred that the harm sustained by the plaintiff 
was caused by a product defect existing at the time of sale or distribution, 
without proof of a specific defect, when the incident that harmed the 
plaintiff:
 
(a)       was of a 
kind that ordinarily occurs as a result of product defect; 
and
 
(b)       was not, in 
the particular case, solely the result of causes other than product defect 
existing at the time of sale or distribution.[2]
 
AIt 
may be inferred@ 
cannot mean Ait 
is always proper to infer@, 
as the present case demonstrates.  
Section 3(a) requires only that an injury-causing incident be the kind of 
thing that ordinarily results from a product defect, not that the incident is 
the kind of thing that ordinarily does not result unless there is 
a defect.  A pickup suddenly 
bursting into flame for no discernible reason is the kind of thing that 
ordinarily occurs as a result of product defect in the sense that product 
defects do cause such things.  Thus 
Ridgway has satisfied section 3(a), even though it is 
also true that fires in vehicles ordinarily occur for many reasons other than 
product defect.[3]  As for section 3(b), although Ridgway cannot conclusively negate that the fire was caused 
solely by something other than a defect, Ford cannot point to anything as the 
sole cause of the fire.  Therefore, 
Ridgway argues, section 3 entitles him to an inference 
that his pickup was defective and the further inference that the defect existed 
when Ford sold the pickup.  The 
Court rejects Ridgway=s 
argument, not because of the text of the rule, but because comment d to section 
3, the reporter=s 
notes, and cases allowing proof of products liability by circumstantial evidence 
limit the stated rule.  In other 
words, the section 3 rule means much less than it appears to say.
AIt 
may be inferred@ 
really means Ait 
is sometimes proper to infer@, 
but while this reading makes the rule stated in section 3 accurate, it also 
makes the rule not very helpful.  
Few would question the use of circumstantial evidence to prove products 
liability in appropriate cases.  The 
hard issue is not whether it can be done, but when and how.  The comments to section 3 and the cases 
cited in support of it illustrate the kinds of considerations courts have taken 
into account in deciding whether to allow an inference of pre-sale defect in a 
product, but these considerations are not reflected the in the black-letter rule 
itself.  One looks to comments to 
explain the rule; one does not look to comments to find the rule.
Section 
3 is modeled on section 328D of the Restatement (Second) of Torts,[4] 
which states:
 
Res 
Ipsa Loquitur
 
(1)       It may be 
inferred that harm suffered by the plaintiff is caused by negligence of the 
defendant when
 
(a)       the event 
is of a kind which ordinarily does not occur in the absence of 
negligence;
 
(b)       other 
responsible causes, including the conduct of the plaintiff and third persons, 
are sufficiently eliminated by evidence; and
 
(c)       the 
indicated negligence is within the scope of the defendant=s 
duty to the plaintiff.[5]
 
But 
the differences in the two provisions are such that section 3 is not an analogue 
of section 328D but rather a kind of res 
ipsa B 
lite!  
Sections 3(a) and (b) are less strict than the parallel provisions in 
sections 328D(1)(a) and (b), at least in a case like the present one.  It cannot be said that fires in pickups 
do not ordinarily occur absent a product defect; they ordinarily occur for all 
sorts of reasons.[6]  Nor has Ridgway Aeliminated 
by evidence@ 
the existence of other responsible causes of the fire.  The most he can say is that Ford has 
offered no evidence of another cause.  
He has not shown that, given the circumstances, another cause was 
impossible or even improbable.  If 
section 3 were as strictly worded as section 328D, Ridgway=s 
claim would clearly fail.
Texas 
law of res ipsa 
loquitur is at least as strict as section 
328D.  We require the first 
condition stated in section 328D(1)(a), and instead of the second condition 
stated in section 328D(1)(b), we require that the instrumentality causing harm 
have been under the defendant=s 
management and control.[7]  We have explained that
the Acontrol@ 
requirement is not a rigid rule that the instrumentality must have always been 
in the defendant=s 
possession or even that it must have been in the defendant=s 
control at the time of the injury.  
It is sufficient if the defendant was in control at the time that the 
negligence inferable from the first factor probably occurred, so that the 
reasonable probabilities point to the defendant and support a reasonable 
inference that he was the negligent party.  
The possibility of other causes does not have to be completely 
eliminated, but their likelihood must be so reduced that the jury can reasonably 
find by a preponderance of the evidence that the negligence, if any, lies at the 
defendant=s 
door.[8]
 
The 
rule of res ipsa 
loquitur allows an inference of negligence, absent 
direct proof, only when injury would ordinarily not have occurred but for 
negligence, and defendant=s 
negligence is probable.
There 
is no reason to allow an inference of products liability any more freely than an 
inference of negligence.  An 
inference of products liability is really two inferences: that the product was 
defective, and that the defect existed at the time of sale.  Applying the principle underlying res ipsa loquitur, neither inference can be drawn without 
evidence that the injury would not ordinarily have occurred absent a product 
defect and that that defect probably existed when the product was sold.  This is not what section 3 says.
 
                                                                             

Nathan L. Hecht
Justice
 
Opinion 
delivered: February 6, 2004




[1] See, e.g., General Motors Corp. v. 
Hopkins, 548 S.W.2d 344 (Tex. 1977), overruled on other grounds by 
Turner v. Gen. Motors Corp., 584 S.W.2d 844 (Tex. 1979) and Duncan v. 
Cessna Aircraft Co., 665 S.W.2d 414 (1984); Darryl v. Ford Motor Co., 
440 S.W.2d 630 (Tex. 1969); see also Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983) (citing 
Hopkins, 548 S.W.2d 344).

[2] Restatement 
(Third) of Torts: Products Liability ' 3 (1998).

[3] See U.S. 
Fire Administration, Highway Vehicle Fires, 2 Topical Fire Research Series No. 4 
(July 2001, revised Mar. 2002) (reporting that highway vehicle fires are due 66% 
to mechanical or design problems 18% to incendiary or suspicious origins, 8% to 
misuse, 4% to operational deficiency, and 3% to other design, construction, and 
installation deficiencies), available at 
http://www.usfa.fema.gov/downloads/pdf/tfrs/v2i4.pdf (last visited Feb. 5, 
2004).

[4] Proceedings at 72nd Annual Meeting: American Law 
Institute, 72 A.L.I. Proc. 
179, 231 (1996) (remarks of James A. Henderson, Reporter, introducing Restatement (Third) of Torts: Products 
Liability ' 3 (Tentative Draft No. 2, 1995)) (ASection 3 is derived quite faithfully from ' 328D of the Restatement, Second, of 
Torts.@).

[5] Restatement 
(Second) of Torts ' 328D (1965).

[6] See infra note 3.

[7] Haddock v. Arnspiger, 
793 S.W.2d 948, 950 (Tex. 1990) (ARes ipsa loquitur is 
applicable only when two factors are present: (1) the character of the accident 
is such that it would not ordinarily occur in the absence of negligence; and (2) 
the instrumentality causing the injury is shown to have been under the 
management and control of the defendant.@) (citing Mobil Chem. Co. v. Bell, 517 S.W.2d 
245, 251 (Tex. 1974) and Marathon Oil Co. v. Sterner, 632 S.W.2d 571, 573 
(Tex. 1982)). 

[8] Mobil Chem. Co., 517 S.W.2d at 251 (citations 
omitted).