Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00188-CV

Judith **THOMAS** and John Thomas,
Appellants

v.

Eugene N. **CLAYTON**, III, M.D.,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 08-1292-B
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:    September 8, 2010

AFFIRMED

Judith and John Thomas appeal the trial court's grant of Dr. Eugene Clayton's no-evidence summary judgment motion in a health care liability suit. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Judith and John Thomas (collectively "Thomas") filed a medical malpractice lawsuit against Dr. Eugene Clayton in May 2008, and served Dr. Clayton with a 120-day expert report written by Dr. Marvin Tark as required under section 74.351 of the Texas Civil Practice and

Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009). The trial court entered a scheduling order in July 2009 establishing deadlines for expert designations and dispositive motions, and setting a trial date of March 9, 2010. Pursuant to the scheduling order, Thomas designated Dr. Tark as her testifying expert in September 2009. Dr. Clayton noticed Dr. Tark for oral deposition in December 2009, but, at the request of counsel for Thomas, Dr. Tark's deposition was rescheduled for January 11, 2010. During his deposition, Dr. Tark recanted his criticisms of Dr. Clayton thus leaving Thomas without an expert against Dr. Clayton. Both parties then filed motions seeking relief from the trial court's scheduling order. Because the deadline for expert designations had expired, Thomas filed a motion asking the court "for addition[al] time to attempt to secure a new expert." Because the deadline for dispositive motions had passed and because trial was set to begin in less than 30 days, Dr. Clayton asked the trial court for permission to file a no-evidence motion for summary judgment arguing that it would be pointless to go to trial without an expert critical of Dr. Clayton. The trial court denied Thomas's request, granted Dr. Clayton's motion to file an untimely dispositive motion, and ultimately granted a no-evidence summary judgment in favor of Dr. Clayton. This appeal followed.

## ANALYSIS

### *Motion to Extend Time to Designate Expert*

Thomas first argues the trial court abused its discretion when it denied her request for an extension to secure and designate a second expert to rebut Dr. Clayton's no-evidence motion for summary judgment. Thomas argues she relied in good faith upon the testimony of her first expert, Dr. Tark, in presenting her case, and was left without an expert when Dr. Tark reversed his opinions after the deadline for designation of experts had passed. Thomas further argues that

her request for additional time to designate an expert is analogous to a one-time 30-day request to cure a timely served expert report that is found deficient under TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009).

An appellate court will not interfere with a trial court's broad discretion to manage and control its docket absent a showing of clear abuse of that discretion. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The record here establishes that at the time Thomas sought to extend time to designate an expert, her medical malpractice suit had been on file for approximately twenty-one months. The scheduling order at issue had been in place for over seven months, listed over twelve separate deadlines leading up to the March 9, 2010 trial setting, and required the designation of all experts at least four months prior to trial. Although the record does establish that Thomas had contact with Dr. Tark early in the suit because he provided the initial 120-day expert report, the record is otherwise devoid of information about the due diligence employed by Thomas to secure the testimony of an expert in support of her cause of action. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (factors used to review the denial of a motion seeking additional time to conduct discovery include the length of time the case has been on file, the materials and purpose of the discovery sought, and whether the party seeking the continuance exercised due diligence).

Additionally, we are not persuaded by the argument that the trial court should have treated Thomas's request for additional time to designate in the same manner as a 30-day request to cure a timely-served but deficient expert report under section 74.351(a). TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). First, this statute applies only to the initial 120-day report

required under section 74.351. *Id.* Even then, the legislature only intended to provide a grace period when the inadequate report was "the result of an accident or mistake." *Id.*; *see In re Roberts*, 255 S.W.3d 640, 641 (Tex. 2008) (per curiam) (whole purpose of requiring the 120-day expert report is "to preclude extensive discovery and prolonged litigation in frivolous cases"). Dr. Tark's initial report was never challenged as deficient. Instead, his opinions as a testifying expert, formed after discovery and after additional medical records were provided to him, simply changed. Under the facts and circumstances of this case, we cannot conclude the trial court's denial of Thomas's request for additional time was arbitrary or unreasonable. Thomas's first issue is overruled.

### *No-evidence Motion for Summary Judgment*

Thomas next argues the trial court erred in rendering summary judgment because, even without a medical expert, she produced sufficient evidence to raise a genuine issue of material fact under the doctrine of *res ipsa loquitur*. The common law doctrine of *res ipsa loquitur*, meaning "the thing speaks for itself," is actually a principle of evidence that allows the jury to infer negligence under certain limited circumstances. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990). Specifically, two factors must be present for the doctrine to apply: "(1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." *Id.* (citing *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex. 1974)). Historically, *res ipsa loquitur* did not generally apply to medical malpractice lawsuits. *Haddock*, 793 S.W.2d at 950–51. In 1977, our Texas legislature further restricted the use of the doctrine in medical liability suits to only those types of cases where it had been previously applied by Texas courts. *Id.* at 950; s*ee* TEX. CIV. PRAC. & REM. CODE ANN. § 74.201 (Vernon

2005). Therefore, the doctrine has limited application in a medical malpractice suit. "[A]n exception is recognized when the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, requiring no expert testimony. Examples of this exception include negligence in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body." *Haddock*, 793 S.W.2d at 951.

Thomas argues that *res ipsa loquitur* should apply in this case because her injury occurred at the time Dr. Clayton negligently performed a lumbar epidural procedure on her, a procedure which was entirely under his management and control. Therefore, she maintains the trial court erred in granting the no-evidence summary judgment motion. We disagree. To apply the doctrine of *res ipsa loquitur* to a case involving the use of a mechanical instrument, the plaintiff must prove that the use of the instrument is a matter within the common knowledge of laymen. *Id.* at 950. Here, Thomas's response to Dr. Clayton's no-evidence motion for summary judgment wholly failed to address the issue of a layman's knowledge about the procedure at issue. Moreover, we conclude the performance of a lumbar epidural steroid injection into the lumbar spine with the use of magnetic resonance imaging is clearly not within the common knowledge of a layman. *See, e.g.*, *id.* at 954 (use of a flexible colonoscope for a proctologic examination is not a matter within the common knowledge of laymen); *Spinks v. Brown*, 103 S.W.3d 452, 459 (Tex. App.—San Antonio 2002, pet. denied) (insertion of a foley catheter is not commonplace for average juror); *Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 735 (Tex. App.—San Antonio 1999, no pet.) (insertion of an arterial line into the radial artery is not within a juror's common sense); *Hamilton v. Sowers*, 554 S.W.2d 225, 228 (Tex. Civ. App.—Fort Worth 1977, writ dism'd) (administering dye for a coronary arteriogram and aortogram is not within common knowledge of laymen); *Sw. Tex. Methodist Hosp. v. Mills*, 535 S.W.2d 27, 30

(Tex. Civ. App.—Tyler 1976, writ ref'd n.r.e.) (claimed negligence of nurse in making hypodermic injection of anesthetics is not within common knowledge of laymen).  Accordingly, the doctrine of *res ipsa loquitur* does not apply to the present case.  Thomas's second issue is overruled, and the trial court's summary judgment is affirmed.

Phylis J. Speedlin, Justice