**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-10599
Summary Calendar

KEITH A. WOODS,

Plaintiff-Appellant,

v.

UNITED STATES GOVERNMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:08-CV-1670

_____

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Keith A. Woods ("Woods") appeals the district court's grant of summary

judgment in favor of the United States of America ("Government") in his lawsuit

filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*

Woods argues that the district court erred by deciding that Woods had to provide

expert testimony to properly demonstrate the existence of a genuine issue of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10599

material fact.[1]   We AFFIRM the district court because that court correctly determined that expert testimony was necessary to establish Woods's medical malpractice claim.

Woods sued the Government, alleging he received negligent care when a doctor treated him at the Veteran Affairs Hospital ("VA") in Dallas, Texas. Before the district court, Woods established that a VA doctor had prescribed him Zocor for high cholesterol.   Woods asserted that his doctor had access to information showing that Woods suffered from type two diabetes and porphyria cutanea, a liver disease.   Woods alleged that Zocor had interacted with his pre-existing conditions to cause hepatitis C, joint deterioration, and bleeding.   Woods also alleged that the doctor had failed to inform him about Zocor's side effects and had failed to monitor Woods after prescribing the drug.

Woods moved for summary judgment.   The Government responded and moved for summary judgment in its favor, arguing that Woods's claim failed as a matter of law because Woods had not produced expert testimony and thus, he could not establish the elements of a medical malpractice claim.   The district court agreed and granted summary judgment in favor of the Government.

We review a summary judgment order *de novo*, applying the same standard as the district court.   *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001).   "Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Questions of fact are viewed in the light most favorable to the nonmovant and questions of law are reviewed *de novo*."   *Deas v. River West, L.P.*, 152 F.3d 471, 475 (5th Cir. 1998).

---

[1] Woods attempts to raise fifteen separate issues on appeal.   None, however, are supported by the record or applicable authority.   FED. R. APP. P. 28(a)(9)(A) (Appellant's arguments must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993).

Under the FTCA, the Government is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. When determining negligence, a federal court must look to the law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). "'Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required to meet this burden of proof.'" *Id.* (*quoting Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977)). An exception to the requirement for expert testimony is where the "alleged malpractice is within the common knowledge of laymen." *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex. 1990). "Examples of this exception include negligence in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body." *Id.*

Woods argues that expert testimony is unnecessary because the evidence an expert would provide is "common knowledge." This court has likened the "common knowledge" standard to "the experiences of a layman." *Hannah*, 523 F.3d at 601. Woods, on the other hand, defines common knowledge as "widely established as being true" or an "obvious fact." Relying on this definition, Woods concludes that Zocor's possible side effects are common knowledge because Zocor is advertized on television and in magazines. The medical reasoning behind prescribing Zocor to patients with multiple underlying conditions requires expertise. Contrary to Woods's assertion, it is not "a matter of common knowledge or within the general experience of a layman." *Id.* at 602. Also, mis-prescribing Zocor is not similar to "operating on the wrong portion of the body,

No. 10-10599

or leaving surgical instruments or sponges within the body." *Haddock*, 793 S.W.2d at 951. Thus, the district court did not err by concluding that Woods had to present expert testimony to establish a standard of care. *Hannah*, 523 F.3d at 601. Woods's failure to present testimony from an expert witness prevents him from establishing a standard of care, a necessary element for his medical malpractice claim. Therefore, Woods's claim fails as a matter of law.

Accordingly, the district court did not err by granting the Government's motion for summary judgment and we AFFIRM that court's order.