ACCEPTED
15-25-00217-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 11:47 PM
CHRISTOPHER A. PRINE
CLERK

## IN THE FIFTEENTH COURT OF APPEALS
## AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

11/25/2025 11:47:55 PM
CHRISTOPHER A. PRINE
Clerk

### CASE NO. **15-25-00217-CV**

(Transferred from the Third Court of Appeals)

---

### CEDRIC M. SCOTT, PhD
*Appellant, Pro Se*

v.

### GENERAL LAND OFFICE OF THE STATE OF TEXAS
*Appellee*

---

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

---

## APPELLANT'S NOTICE OF NON-APPEARANCE AND
## OPPOSITION TO ATTEMPTING TO RESET DEPOSITION

---

Respectfully submitted,

/s/ *Cedric M. Scott*

Cedric M. Scott, PhD
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
cedricscott41@gmail.com

**Appellant, Pro Se**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellant, Cedric M. Scott, PhD[1], files this Combined Notice of Non-Appearance and Opposition Attempting to Reset or Compel Deposition, and respectfully shows the Court as follows:

## I. RELEVANT FACTS

After Judge Liu recused himself due to a mandatory disqualifying conflict under Rule 18b(a)(1)(B), all orders he issued—including the deposition order—became void. GLO and its counsel continue to attempt to enforce that void order and compel Appellant's deposition. This conduct constitutes continued retaliation, harassment, and discrimination against a whistleblower whose reports were validated by HUD-OIG, CPD Monitoring visits, and GLO's own Audit & Compliance Internal Audit Report 25-01.

Opposing counsel and GLO are aware that a defaulted agency cannot seek affirmative relief, and pursuing Appellant's deposition under a void order is a bad-faith abuse of process warranting sanctions. Texas law prohibits the use of discovery as a retaliatory weapon, and such conduct only exacerbates the statutory violations already present and documented in this case.

---

[1] Plaintiff's first name is pronounced See-Drick and not Said-Drick. Gender is female, and pronouns are she, her, and hers.

## II.    ARGUMENT

### A. Continued Deposition Attempts After Disqualification Constitute Retaliation, Harassment, and Bad-Faith Litigation

Once Judge Cory R. Liu formally recused himself on November 21, 2025 due to a disqualifying conflict of interest under Tex. R. Civ. P. 18b(a)(1)(B), all prior orders he issued—including the order compelling Appellant's deposition—became void ab initio. A void order has no legal force, cannot impose obligations, cannot be enforced, and cannot be amended or revived by a successor judge. See *Haddock v. Arnspiger*, 793 S.W.2d 948, 950–51 (Tex. 1990); *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982). A void order cannot be revived, amended, reset, or enforced by any party.

Accordingly, Appellant is not required to appear for any deposition compelled under a void order. Despite this, GLO and its outside counsel continue to rely on the void deposition order and are still attempting to compel Appellant's appearance. This conduct is not merely a procedural error—it is a continuation of the same retaliatory treatment that gave rise to Appellant's Whistleblower claim in the first place.

### 1.  Pursuing Discovery Under a Void Order Is Retaliatory Conduct

Under Tex. Gov't Code § 554.002, an employer may not retaliate against a public employee who in good faith reports a violation of law. Litigation actions

taken to punish or burden a whistleblower can themselves constitute retaliation, particularly where discovery demands are used to intimidate, chill future disclosures, or probe protected whistleblowing activity. As such, GLO has no legal basis to demand a deposition:

a. Judge Liu was disqualified from the outset, and the deposition order is void;

b. GLO is still in procedural default for not answering the operative Second Amended Petition; and

c. Appellant's protective-order motion is pending and remains unresolved.

A deposition attempt under these circumstances serves **no legitimate litigation purpose** and can only be understood as **retaliatory pressure** against a whistleblower whose allegations were repeatedly validated in HUD-OIG audit reports, CPD previous monitoring reviews, and continued noncompliance in GLO CDR Internal Audit Report 25-01.

## 2. Continuing Deposition After Disqualification Constitute Harassment

Texas courts have long recognized that using discovery as a weapon—especially against a party who is unrepresented or vulnerable—is a form of harassment. See *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 314–15 (Tex. 2009). GLO's insistence on deposing Appellant:

- Knowing the hearing held on October 29, 2025 was legally improper;

- Knowing the judge issuing the deposition order was disqualified;

- Knowing the order compelling the deposition was void;

- Knowing that Appellant has sought protection from retaliation; and

- Knowing the agency remains in default – is not discovery. It is harassment.

This Court cannot permit discovery pursued in bad faith and without jurisdictional authority.

### 3. GLO's Actions Perpetuate Discrimination And Delayed Access to Relief

The Texas Whistleblower Act is remedial and must be construed liberally to protect employees. *Scott v. City of Fort Worth*, 280 S.W.3d 537 (Tex. App.—Fort Worth 2009). The court held that a public employee must show that:

- He or she made a good-faith report of a violation of law to an appropriate law-enforcement authority, and

- The good-faith disclosures were a but-for cause of the adverse employment actions.

This supports Appellant's argument that her reports to HUD-OIG and Texas Rangers, Public Integrity Unit triggered statutory protection under Tex. Gov't Code § 554.002.

The Federal precedent, including *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968), emphasizes heightened judicial scrutiny in cases involving retaliation against public employees. Instead of complying with procedural rules or answering the petition, GLO has:

- pursued sanctions,

- pursued a compelled deposition,

- used procedural delay to its advantage,

- ignored clear statutory protections, and

- continued seeking relief it is not entitled to obtain.

This pattern reinforces Appellant's allegations of discriminatory and retaliatory treatment, which continues to exacerbates the emotional and financial harm she continues to suffer for almost a one year, and further delaying her access to statutory relief.

### 4. Pursuing a Void Order Is a Bad-Faith Use of the Judicial Process

Texas courts condemn litigation conducted in bad faith or for improper purposes. See *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997). GLO's attempt to rely on a void deposition order—after knowingly benefiting from rulings issued by a disqualified judge—meets every definition of bad-faith litigation. GLO's conduct harms:

- the fairness of the proceedings,

- the integrity of the judicial system,

- Appellant's whistleblower protections, and

- public confidence in the courts and oversight of federal funds.

Such actions justify sanctions and corrective action by this Court.

## III. CLAIMS OF ADHERIING TO EXECUTIVE ORDER RP-36 IS CONTRADICTED BY GLO'S OWN INTERNAL FINDINGS

From 2012 to 2024, GLO published in its Action Plans that:

"The GLO will monitor all contract expenditures for quality assurance and to prevent, detect, and eliminate fraud, waste, and abuse as mandated by Executive Order RP 36." GLO's website: https://www.glo.texas.gov/disaster-recovery/action-plans

This representation was **false or misleading**, because:

- Repeated HUD-OIG audits (2012–2019) found continued noncompliance;

- HUD CPD reviews found failures to comply with federal rules;

- GLO had **no** self-monitoring assessments responsive to Appellant's 2025 Public Information Request;

- Internal Audit Report 25-01 confirmed widespread deficiencies.

Given its own audit results and longstanding knowledge of noncompliance, GLO cannot use a deposition to retroactively or in the future to create an explanation for conduct it already knew was unlawful. Thus, any deposition request contradicts the agency's documented history and provides no legitimate basis for discovery.

## IV. NOTICE OF NON-APPEARANCE

For all reasons above, Appellant gives formal notice that she will not appear

for any deposition scheduled pursuant to the void January 5, 2026 order. This non-appearance is not a refusal to participate in litigation; it is a refusal to obey a void order issued by a disqualified judge who refused to recuse himself from day one, and pursued by a defaulted agency with unclean hands. Appellant is finalizing a petition for writ of mandamus to preserve her statutory whistleblower rights and constitutional due-process protections.

## V. PRAYER

Appellant respectfully requests that this Court:

1. Accept this Notice of Non-Appearance;

2. Declare the January 5, 2026 deposition order is void and unenforceable;

3. Prohibit GLO from compelling or resetting any deposition until it files proper answers to the operative amended petition;

4. Preserve Appellant's rights under the Texas Whistleblower Act; and

5. Grant any other and further relief to which Appellant is entitled.

**Date: November 25, 2025**

Respectfully submitted,

/s/ Cedric M. Scott

Cedric M. Scott, PhD
Appellant, Pro Se
901 Hidden Valley Drive, #9204
Round Rock, Texas 78665
Email: cedricscott41@gmail.com

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5, I hereby certify that on this 25th day of November 2025, a true and correct copy of the foregoing Notice was e-filed and served via electronic service (e-service) to the Court and:

**Counsel for the General Land Office**

Sara Labashosky
State Bar No. 24129467
slabashosky@bickerstaff.com

Gunnar P. Seaquist
State Bar No. 24043358
gseaquist@bickerstaff.com

Bickerstaff Heath Delgado Acosta LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021

/s/ Cedric M. Scott
Cedric M. Scott, PhD
Appellant, Pro Se

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108481309
Filing Code Description: Other Document
Filing Description: Notice of Non-Appearance and Opposition to Resetting Deposition
Status as of 11/26/2025 8:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cedric  M.Scott | | cedricscott41@gmail.com | 11/25/2025 11:47:55 PM | SENT |
| Sara Labashosky | | slabashosky@bickerstaff.com | 11/25/2025 11:47:55 PM | SENT |
| Gunnar Seaquist | | gseaquist@bickerstaff.com | 11/25/2025 11:47:55 PM | SENT |
| Jeffrey Moore | | jmoore@bickerstaff.com | 11/25/2025 11:47:55 PM | SENT |