**William G. MANAX, M.D., Appellant,**

v.

**David BALLEW, et ux., Appellees.**

**No. 10–89–074–CV.**

Court of Appeals of Texas,
Waco.

May 31, 1990.

Rehearing Denied June 28, 1990.

Charles T. Frazier, Jr., Cowles & Thompson, Dallas, for appellant.

Katherine A. Logue, Sleeper, Johnston, Helm & Fontaine, Waco, for appellees.

HALL, Justice.

This is a medical malpractice case. The appeal resulted from the judgment rendered on a verdict in which the jury awarded personal injury damages on findings that appellant William G. Manax, M.D., negligently removed a wrong lipoma from the back of appellee David Ballew.

Evidence showed that David Ballew went to Dr. Manax for inspection of a lump on his back. The growth had been detected by David's wife, appellee Mary Ballew, a registered nurse. While visiting relatives, Mary Ballew again noticed the growth and pointed it out to her sister-in-law, Susan Ashcraft. They both felt the lump which was located high on David's right shoulder next to the shoulder blade. Dr. Manax diagnosed the growth as a large lipoma of the back immediately medial to the right scapula.

At the time of the office visit, Dr. Manax sketched a diagram of the mass. His diagram reflected that the lipoma was located adjacent to the right shoulder blade. This drawing was consistent with his written description of the lipoma. Dr. Manax never noted in his records the presence of more than one growth or lipoma. He told David to report the next morning for surgery to remove the lipoma.

Following surgery, Mary Ballew was changing the surgical dressing when she discovered that the actual incision was two inches below the mass which she and David thought was to have been removed. After visiting with Dr. Manax about the matter on the second day after surgery and not getting "a good answer," the Ballews went to see another surgeon, Dr. Nicholas Bellegie, M.D., on the fifth day after surgery. Dr. Bellegie probed the incision made by Dr. Manax and then later removed the lipoma which the Ballews had sought to have removed by Dr. Manax.

Dr. Manax testified directly that the Ballews were mistaken in their testimony and that he had removed the lipoma agreed upon by them. Apparently believing the Ballews, the jury found that Dr. Manax was negligent and that this proximately caused the injuries complained about by the Ballews.

The charge to the jury included an instruction on the doctrine of *res ipsa loquitur*. Dr. Manax contends this instruction was improper under the facts of this case. He also asserts the evidence was factually insufficient to support the jury's findings that he acted negligently and that such negligence was the proximate cause of injuries to David Ballew.

■ The doctrine of *res ipsa loquitur* will imply negligence in situations where (1) the character of the accident and the circumstances surrounding it lead to the conclusion that it would not occur in the absence of negligence, and (2) the injury is caused by some instrumentality or agency within defendant's exclusive control. *Honea v. Coca Cola Bottling Co.*, 143 Tex. 272, 183 S.W.2d 968, 969 (1944). As a general rule, the doctrine is inapplicable in medical malpractice cases. *Harle v. Krchnak*, 422 S.W.2d 810, 815 (Tex.Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). However, the Texas courts have allowed the doctrine to be applied in a medical malpractice case where the nature of the act and injuries are obvious to a layman and are within the common knowledge of laymen. The courts have held that an example of a correct application is where a physician operates on the wrong part of the body. *Roberson v. Factor*, 583 S.W.2d 818, 820 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Where the doctrine applies, the requirement of expert medical testimony is eliminated; however, the necessity of proof of causal negligence by the defendant physician still remains. *Pekar v. St. Luke's Episcopal Hospital*, 570 S.W.2d 147, 150 (Tex.Civ.App.–Waco 1978, writ ref'd n.r.e.).

■ In our case the Ballews contended that Dr. Manax operated on the wrong part of David's body. They testified that they went to Dr. Manax's office and pointed out the lipoma that was causing David discomfort. They discussed with Dr. Manax the possibility of surgery to remove the lipoma and decided to have it removed the following day. Both testified that Dr. Manax

palpated the lipoma which was to be removed and that it was the same area of complaint by the Ballews. Mary Ballew testified that a day after David's surgery she discovered that a different portion of his body had been operated on and that the lipoma that was to be removed remained. Under these circumstances any person in the position of the Ballews, whether a physician or not, would be able to look at the back and determine that the area operated on was not the same area agreed upon for surgery less than a week earlier. Furthermore, the nature of the injuries complained about are within a layman's knowledge. The evidence did not show that David's injuries could have occurred from causes other than Dr. Manax's negligent acts. If the Ballews had merely shown an injury without proving the manner in which it was received and the circumstances surrounding it, then the evidence would have been insufficient to warrant an inference of negligence by the doctrine of *res ipsa loquitur*. *Wendenburg v. Williams*, 784 S.W.2d 705, 707 (Tex.App.—Houston [14th Dist.] 1990, no writ). The Ballews sufficiently proved that they went to Dr. Manax's office, that he palpated the lipoma the Ballews intended to be removed, and that when David returned home from surgery for removal of the lipoma agreed upon they discovered that the wrong area of the body had been operated on by Dr. Manax. The injury was discovered the first time the dressing was removed after the surgery. Clearly, an operation by Dr. Manax on the wrong part of David's back was within the common knowledge of laymen. Therefore, the doctrine of *res ipsa loquitur* applies and expert medical testimony was not required. The testimony of the Ballews was sufficient to support the jury's finding of negligence. The fact of resulting injury to David's body by the surgical incision was indisputable.

■ Even if the rule of *res ipsa loquitur* did not apply in this case, the Ballews still met their burden of proof using expert testimony. The testimony of Dr. Bellegie, the second surgeon, was sufficient expert testimony to support the jury determination of negligence and proximate cause of injury. Dr. Manax's records reflected that the location of a lipoma on David's back was one that was medial to the right scapula. At no time did Dr. Manax's records indicate that there was more than one lipoma. Dr. Bellegie testified that the area of surgery by Dr. Manax was not consistent with the description of the area of the lipoma in his records; that most physicians would describe that area as the site of the second operation; and that Dr. Manax's incision bore no relationship to the area of the drawing in his records. Dr. Bellegie's testimony established causal negligence against Dr. Manax. He testified that surgery on a wrong part of the body cannot occur without negligence by the surgeon, and his testimony also established that the operation on the wrong lipoma proximately caused injury to David.

Dr. Manax asserts that in any event his actions were not malpractice because the lipoma he removed needed to be removed. We reject this argument since it seeks approval of medical procedures that are performed without the authority or consent of the patient and are thus illegal, denying the patient the right to determine what shall be done to his own body. *Johnson v. Whitehurst*, 652 S.W.2d 441, 444 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Anderson v. Hooker*, 420 S.W.2d 235, 237 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r. e.).

All points and contentions raised by Dr. Manax are overruled. His complaints about the sufficiency of the evidence have been considered in light of the tests for such questions set forth in *Pool v. Ford Motor Company*, 715 S.W.2d 629, 635 (Tex. 1986), and *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980).

The judgment is affirmed.