Affirmed and Opinion filed August 18, 2005









Affirmed and Opinion filed August 18, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00625-CV

____________

 

ALZADA
HECTOR, Appellant

 

V.

 

CHRISTUS
HEALTH GULF COAST D/B/A CHRISTUS ST. JOSEPH HOSPITAL AND 

CANAAN L. HARRIS, M.D., Appellees

________________________________________________________________________

 

On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 02-54985

________________________________________________________________________

 

O P I N I O N








Appellant, Alzada Hector, was
injured when she fell from an operating table during surgery to remove cancer
from her ear.  Ms. Hector brought suit
against the hospital and the surgeon. 
The trial court dismissed Ms. Hector=s case
against each defendant for her failure to provide an expert report as required
by the Texas Medical Liability and Insurance Improvement Act.[1]  Ms. Hector brings this appeal, claiming that
the trial court abused its discretion in dismissing her suit.  We affirm.

Background

Ms. Hector underwent surgery at
St. Joseph=s Hospital (ASt.
Joseph=s@) in June
of 2001 to remove a cancerous tumor from her left ear.  At the time, she was 71 years old.  During the surgery, while appellant was under
general anesthesia, she was rotated so that the physician, Dr. Canaan Harris (AHarris@), could
better examine her.  While she was being
rotated, Ms. Hector fell off the table, suffering a cut to her right brow area
that necessitated eight stitches. The operation was completed and Ms. Hector
recovered from the surgery.  Tests
performed subsequent to the surgery showed no neurological or spinal damage
resulting from her fall from the table.








Ms. Hector filed suit against
Harris and St. Joseph=s on
October 24, 2002, but did not file an expert report within 180 days as required
by section 13.01(d)(1) of former Texas Revised Civil Statutes article 4590i,
also known as the Texas Medical Liability and Insurance Improvement Act (A4590i@).[2]  Pursuant to section 13.01(e)(3) of 4590i, the
trial court dismissed her claims against Dr. Harris on October 14, 2003, and
her claims against St. Joseph=s on
April 16, 2004.[3]  Ms. Hector brings this appeal, claiming that
an expert report was not necessary.  

Whether 4590i Applies

In her first issue, Ms. Hector
claims that 4590i does not apply to her case because her case is one of
ordinary negligence (as opposed to medical malpractice); therefore, an expert
report was not necessary.  As a result,
she asserts, the trial court abused its discretion in dismissing her claim for
her failure to file a 4590i-required expert report.  We disagree.

We review a dismissal under 4590i
under an abuse of discretion standard; however, to the extent the resolution of
this issue requires interpretation of the statute, we review under a de novo
standard.  See Buck v. Blum, 130
S.W.3d 285, 290 (Tex. App.CHouston
[14th Dist.] 2004, no pet.).  Section
1.03 of 4590i defines Ahealth
care liability claim@ as
follows:

AHealth care liability
claim@ means a cause of action
against a health care provider or physician for treatment, lack of treatment,
or other claimed departure from accepted standards of medical care or health
care or safety which proximately results in injury to or death of the patient,
whether the patient=s claim or cause of action
sounds in tort or contract.[4]

 

In determining whether a particular case
presents a health care liability claim, we must examine the underlying nature
of the allegations; in doing so, we are not bound by the party=s
characterization of the claims.  Buck,
130 S.W.3d at 290B91.  A cause of action will generally be
considered a health care liability claim if it is based on a breach of a
standard of care applicable to health care providers.  Id. 
The complained-of act or omission must have been an inseparable part of
the rendition of medical services.  Id.  








Here, it is abundantly clear that
4590i applies to Ms. Hector=s
claims.  Her claims against St. Joseph=s, a
health care provider, and Harris, a physician, were based on their alleged
departure from accepted standards of safety, i.e., not letting a patient fall
from an operating table.  These alleged
departures proximately resulted in Hector=s alleged
injury. 

Hector urges that, since the
operating table was under the control of hospital employees that were
non-medical providers, the alleged act of negligence concerns Aadministrative,
ministerial, or routine care@;
therefore, 4590i should not apply to her claim. 

In Cobb v. Dallas Fort Worth
Medical Center, the wrong-sized screws were used in a patient=s
back.  48 S.W.3d 820 (Tex. App.CWaco
2001, no pet.).  In reviewing the court=s
granting of summary judgment against the Cobbs, the majority did not address
whether her claim fell within 4590i. 
However, in his concurring opinion, Judge Vance drew a distinction
between hospital workers that were health care providers, such as nurses and
doctors, and hospital workers that were not, such as cooks or electricians.  Id. at 829B30
(Vance, J. concurring).  While we agree
with Judge Vance=s
distinction, we find it unpersuasive here since any person in the operating
room at the time of Hector=s
accident would necessarily have been considered a health care provider.  See id. 
The other cases Ms. Hector cites for support are equally
unpersuasive in that, in those cases, whether medical liability claims fell
under 4590i was not at issue.  See
Tenet Health Ltd. v. Zamora, 13 S.W.3d 464 (Tex. App.CCorpus
Christi 2000, pet. dism=d w.o.j.)
(doctor sued hospital over privileges); Mills v. Angel, 995 S.W.2d 262
(Tex. App.CTexarkana 1999, no pet.) (parents
sued hospital over credentialing and use of equipment); Baptist Memorial v.
Marrable, 244 S.W.2d 567 (Tex. Civ. App.CSan
Antonio 1951, no writ) (case pre-dates 4590i); Medical & Surgical
Memorial Hospital v. Cauthorn, 229 S.W.2d 932 (Tex. App.CEl Paso
1949, writ ref=d n.r.e.) (case pre-dates 4590i).

We find that Ms. Hector=s case
falls squarely within the ambit of 4590i; an expert report was therefore
necessary.  Her first issue is overruled.








Res Ipsa Loquitur

In her second issue, Ms. Hector
claims that even if 4590i governs her case, the doctrine of res ipsa
loquitur applies, thus obviating the need for an expert report under 4590i.
We find that res ipsa loquitur does not apply to her claim. 

Section 13.01 of 4590i requires
as follows:

(d)       Not later than the later of the 180th day
after the date on which a health care liability claim is filed or the last day
of any extended period established under Subsection (f) or (h) of this section,
the claimant shall, for each physician or health care provider against whom a
claim is asserted:

(1)       furnish to counsel for each physician or
health care provider one or more expert reports, with a curriculum vitae of
each expert listed in the report; or

(2)       voluntarily nonsuit the action against
the physician or health care provider.[5]

 

Section 13.01(j) of the act goes on to state
that an expert report is not required for any issue other than an issue related
to liability or causation.[6]








Upon a showing of good cause by
motion and a hearing by the plaintiff, the trial court may grant one thirty-day
extension of the report-filing deadline.[7]  Should a plaintiff fail to comply with
13.01(d), however, 4590i mandates that the trial court shall award as
sanctions, inter alia, the defendant=s
reasonable attorney=s fees
and the dismissal of the plaintiff=s suit
with prejudice.[8]  We review a trial court=s
dismissal under section 13.01 under an abuse of discretion standard.  Am. Transitional Care Ctrs. of Tex., Inc.
v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001).

The doctrine of res ipsa
loquitur, literally Athe thing
speaks for itself,@ applies
in certain cases in which the circumstances surrounding an accident constitute
sufficient evidence of the defendant=s
negligence to support such a finding.  Haddock
v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990).  The doctrine is applicable only when: (1) the
character of the accident is such that it would not ordinarily occur in the
absence of negligence; and (2) the instrumentality causing the injury is shown
to have been under the management and control of the defendant.  Id.  The rule is not a cause of action separate
and apart from negligence; instead, it is an evidentiary rule by which
negligence may be inferred by a jury.  Id.  

Section 7.01 of 4590i, enacted in August of 1977, restricts the use of
res ipsa loquitur as follows:

The common-law doctrine of
res ipsa loquitur shall only apply to health care liability claims against
health care providers or physicians in those cases to which it has been applied
by the appellate courts of this state as of the effective date of this subchapter.[9]

 

In Haddock, the supreme court noted
that res ipsa loquitur was generally inapplicable in medical malpractice
cases, but gave examples of the cases in which res ipsa loquitur had
been applied because Athe
nature of the alleged malpractice and injuries are plainly within the common
knowledge of laymen, requiring no expert testimony.@  793 S.W.2d at 951.  These three general categories listed by the
Haddock court include Anegligence
in the use of mechanical instruments, operating on the wrong portion of the
body, or leaving surgical instruments or sponges within the body.@  Id. 









We must first decide whether the
doctrine of res ipsa loquitur applies; we find that it does not.  While it is a given that a patient should not
fall from an operating table during surgery, how an operating table works, the
method of securing a patient to an operating table, or the procedures for
rotating a patient during surgery are not necessarily within the common
knowledge of laymen.  See id.  Appellant cannot therefore show that the
character of the accident is such that it would not ordinarily occur in the
absence of negligence.  

Even if res ipsa loquitur did
apply, Ms. Hector would still have to show that it fell within one of the
pre-1977 categories of cases.  See id.,
793 S.W.2d at 951.  Ms. Hector contends
that her case falls within the Amechanical
instruments@ category.  No Texas court has previously considered
whether an operating table can be considered a mechanical instrument; in fact,
Ms. Hector recognizes that the Aclosest
case@ to the
facts of the present case are those in which a patient fell out of a hospital
bed.  See Thorson v. Rosewood Gen.
Hosp., 608 S.W.2d 282 (Tex. App.CHouston
[14th Dist.] 1980,writ ref=d n.r.e.)
(finding that hospital did not breach its standard of care and appellant was
therefore unable to prove appellee=s
negligence); Hilzendager v. Methodist Hosp., 596 S.W.2d 284 (Tex. Civ.
App.CHouston
[1st Dist.] 1980, no writ) (holding that plaintiff did not raise a fact issue
as to whether hospital was negligent in failing to raise bed rails).  Thorson and Hilzendager,
however, did not address the issue of res ipsa loquitur as applied to
4590i cases.  They are therefore
unhelpful to Ms. Hector=s case.








Ms. Hector also cites Martin
v. Petta in support of her contention that an operating table is a
mechanical instrument.  694 S.W.2d 233,
239B40 (Tex.
App.CFort
Worth 1985, writ ref=d
n.r.e.).  The plaintiff in Martin v.
Petta received a broken toe while in the hospital for hemorrhoid
surgery.  Id. at 234.  The court never reached a decision on whether
an operating table could be an instrument;[10]
furthermore, the opinion, which reviewed the trial court=s
granting of summary judgment, addressed the doctrine of res ipsa loquitur in
the context of whether a genuine issue of material fact had been raised.  Id. at 240.  We find this case unhelpful to Ms. Hector=s claim
as well.  

In the alternative, Ms. Hector
claims that because she was injured on a part of her body not under treatment,
her case falls within the >operating
on a wrong part of the body=
exception under 4590i and res ipsa loquitur should apply.  We find that this argument fails as wellCthe wrong
part of Ms. Hector=s body
was not operated on; the correct part of her body (her ear) was operated on as
planned.  See, e.g., Manax v. Ballew,
797 S.W.2d 71, 72 (Tex. App.CWaco
1990, writ denied).

Furthermore, even if the doctrine
of res ipsa loquitur did apply to Ms. Hector=s claim,
she would still be required to file an expert report under 4590i; we do not
interpret section 7.01 of 4590i as an exception to the expert report
requirement of section 13.01.  In a
recent decision, the Texas Supreme Court noted that 

It must also be borne in
mind that article 4590i=s expert report
requirement establishes a threshold over which a claimant must proceed to
continue a lawsuit.  It does not
establish a requirement for recovery. 
It may be that once discovery is complete and the case is tried, there
is no need for expert testimony. . . . But the Legislature envisioned that
discovery and the ultimate determination of what issues are submitted to the
factfinder should not go forward unless at least one expert has examined the
case and opined as to the applicable standard of care, that it was breached,
and that there is a causal relationship between the failure to meet the
standard of care and the injury, harm, or damages claimed. 

 








Murphy v. Russell, 48 Tex.
Sup. Ct. J. 943, 944, 2005 WL 1537244 at *2 (Tex. July 1, 2005) (per curiam)
(emphasis added).  Although the opinion
in Murphy does not address res ipsa loquitur specifically, we do
find it pertinent to the case at bar as it draws a distinction between an
expert report at the onset of litigation and the need for expert testimony at
trial.  We do not opine whether there is
a conceivable case in which res ipsa loquitur might preclude the need
for expert testimony to prove various elements of negligence at the trial
stage.  We do not believe, however, that
the Legislature intended for it to eliminate the procedural requirement of an
expert report at the commencement of litigation. 

Other courts, including this one,
have noted that even if res ipsa loquitur does apply to a certain case,
an expert report or some form of expert testimony is still required.  See Ruiz v. Walgreen Co., 79 S.W.3d
235, 239B40 (Tex.
App.CHouston
[14th Dist.] 2002, no pet.); Traut v. Beaty, 75 S.W.3d 661, 667B68 (Tex.
App.CTexarkana
2002, no pet.); Steinkamp v. Caremark, 3 S.W.3d 191, 199 (Tex. App.CEl Paso
1999, pet. denied) (Acausation
in a medical negligence case must be proved by expert testimony@); Kalteyer
v. Sneed, 837 S.W.2d 848, 853 (Tex. App.CAustin
1992, no writ); see also Garcia v. Palestine Mem=l Hosp., No.
14-02-01144-CV, 2002 WL 192359, at *2 (Tex. App.CHouston
[14th Dist.] February 7, 2002) (not designated for publication); Simmons v.
Williams, No. 14‑99‑00494‑CV, 2000 WL 1862858, at *2
(Tex. App.CHouston [14th Dist.] December 21,
2000) (not designated for publication).

Because we find that an expert
report was required under 4590i, the trial judge did not abuse his discretion
in dismissing Ms. Hector=s
claim.  Ms. Hector=s second
issue is overruled.

We affirm the judgment of the
trial court.

 

/s/                    Adele Hedges

Chief
Justice

 

Judgment rendered and Opinion filed August 18, 2005.








Panel consists of Chief Justice Hedges and Justices Fowler and Frost.

 

 











[1]  Act of May 30,
1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2039B64 (formerly codified at Tex. Rev. Civ. Stat. Ann. art. 4590i, '' 1.01B16.02), repealed and recodified as amended by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, ' 10.09,
2003 Tex. Gen. Laws 864, 884.  Many of
the provisions of former article 4590i have been recodified in the Civil
Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. '' 74.001B74.507
(Vernon Supp. 2004B2005).  However,
a medical malpractice suit that was filed before September 1, 2003, such as the
present case, is Agoverned by the law in effect immediately before@ the changes in the law that were made by the
Legislature.  Act of June 2, 2003, 78th
Leg., R.S., ch. 204, ' 23.02(d), 2003 Tex. Gen. Laws 864, 899.





[2]  Act of May 5,
1995, 74th Leg., R.S., ch. 140, ' 1, 1995
Tex. Gen. Laws 985, 985B87 (adding expert report requirement, at former Tex.
Rev. Civ. Stat. art. 4590i, ' 13.01(d)), repealed and recodified as amended by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, ''
10.01, 10.09, and 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898B99 (AHouse Bill 4@)
(current version at Tex. Civ. Prac. & Rem. Code ' 74.351 (AExpert
Report@).





[3]  Id.





[4]  Act of May 30,
1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2041 (repealed 2003).





[5]  Act of May 5,
1995, 74th Leg., R.S., ch. 140, ' 1, 1995
Tex. Gen. Laws 985, 986 (repealed 2003).





[6]  Id.





[7]  Id.





[8]  Id.





[9]  Act of May 30,
1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2050 (repealed 2003).





[10]  The opinion in
Martin cited the plaintiff=s
pleading, in which she alleged that the defendants Awere in complete control . . . of all mechanical
devices, including beds, operating tables, carts, and rooms.@  Id. at
240 (emphasis added).  The appellant
plaintiff in Martin did not notice that her toe had been broken until the
morning after her surgery; an operating table was thus not directly involved,
as it was here.