Opinion filed October 26, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed October 26, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00121-CV 

                                                     __________

 

                                    LISA
MEEKER LOVE, Appellant

 

                                                             V.

 

                 WAL-MART
STORES, INC. AND BESAM AUTOMATED

ENTRANCE SYSTEMS, INC., Appellees

 



 

On Appeal from the 199th District Court

 

Collin County, Texas

 

Trial Court Cause No. 199-2650-02

 



 

M E M O R A N D U M   O P I N I O N

 








Lisa Meeker Love sued Wal-Mart Stores, Inc. and
Besam Automated Entrance Systems, Inc., alleging that she was injured as she
entered the Wal-Mart store in Plano.  She claimed that the automatic sliding door
manufactured by Besam closed on her, causing her injuries.  The trial court granted no-evidence motions
for summary judgment filed by Wal-Mart and Besam.  In her first point of error, Love asserts
that, after Wal-Mart and Besam filed their motions, she filed an amended
petition alleging a new claim based on the doctrine of res ipsa loquitur and
that the no-evidence motions for summary judgment did not address that new
claim.  In her second point of error,
Love asserts that she raised fact issues in response to the no-evidence
motions.  We affirm.

Standard of Review

We will
apply the well-recognized standards of review for summary judgment.  We must review a no-evidence summary judgment
under the same standard as a directed verdict. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  Accordingly, we examine the record in the
light most favorable to the nonmovant and disregard all contrary evidence and
inferences.  Id.;
Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court must grant a proper no-evidence
motion for summary judgment unless the nonmovant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact.  Tex.
R. Civ. P. 166a(i); Wal-Mart, 92 S.W.3d at 506. 

Res
Ipsa Loquitur

Love
states in her first point of error that her amended petition included a new
claim based on res ipsa loquitur. 
Because Wal-Mart and Besam did not file new motions for summary judgment
that addressed the new claim, Love contends that the trial court erred in
granting the summary judgments.  Neither
Wal-Mart nor Besam was required to file a new no-evidence motion for summary
judgment to address Love=s assertion of res ipsa loquitur.

Love=s assertion of the doctrine of res ipsa
loquitur was not a separate cause of action from the negligence claim in her
initial petition.  Res ipsa loquitur is a
rule of evidence whereby negligence may be inferred by the jury.  Haddock v. Arnspiger, 793 S.W.2d 948,
950 (Tex.
1990).  The doctrine applies only if two
factors are proved: (1) the character of the accident is such that it would not
ordinarily occur in the absence of negligence and (2) the instrumentality
causing the injury is shown to have been under the management and control of
the defendant.  Id. at 950.  As will be discussed under the second point,
Love produced no summary judgment evidence showing that her accident was such
that it would not ordinarily have occurred in the absence of negligence.  Love=s first point of error is overruled.

    Fact Issues Were Not Raised








In Love=s
second point of error, she claims the following:  (1) Wal-Mart and Besam owed a legal duty to
her; (2) they each breached that duty; and (3) her damages proximately resulted
from those breaches.  Love asserts that
Wal-Mart had a legal duty to maintain its premises in a reasonably safe
condition and that, because the automatic sliding door was not in good working
order, Wal-Mart breached its duty to her. 
Love=s
testimony that the door malfunctioned did not constitute any evidence that
Wal-Mart or Besam breached a duty owed to Love.

Love was Wal-Mart=s
invitee.  Wal-Mart owed her a duty to
exercise reasonable care to protect her from dangerous conditions in the store
that Wal-Mart knew about or should have known about.  Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex.
1998).  To recover damages in this
premises liability case, Love had to prove:

(1) Actual or constructive knowledge of the
condition of the automatic entrance door;

(2) That the condition posed an unreasonable risk
of harm;

(3) That Wal-Mart did not exercise reasonable care
to reduce or eliminate the risk; and

(4) That Wal-Mart=s
failure to use such care proximately caused Love=s
injuries.

Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v. Safeway Stores, Inc., 648
S.W.2d 292, 296 (Tex.
1983).

Love has not challenged the trial court=s order striking her summary judgment
evidence; thus, Love has no evidence in opposition to the no-evidence motions
for summary judgment.[1]  But even if there had been no objections to
her evidence in response to the motions, Love=s
evidence did not create a fact issue.

An owner or occupier is not liable for deterioration
of its premises unless it knew of or by reasonable inspection would have
discovered the deterioration.  CMH
Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000). 
Love provided no evidence as to what a reasonable inspection by Wal-Mart
would have revealed. Love provided no evidence that the character of this
accident was such that it would not ordinarily occur in the absence of
negligence, a requirement for the doctrine of res ipsa loquitur to be
applicable.








Love provided no evidence concerning how Besam was
negligent in its design, manufacture, or marketing of the door.  Love provided no evidence as to why or how
the door allegedly malfunctioned.  Love=s second point of error is overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

October 26, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]The trial court sustained Wal-Mart=s and Besam=s
objections that (1) Love attached her deposition transcript to her response but
failed to specifically reference by page or line number portions thereof and
explain the relevance of the attached testimony and (2) Love=s evidence contained inadmissible hearsay.